J. LISCHKOFF, INC., *v.* CINCINNATI BARGAIN HOUSE.*

(Division A.   June 2, 1924.)

[100 So. 278.   No. 24041.]

1. SALES. *Rule as to place for resale of refused goods, stated.*
   On the refusal of the purchaser to receive goods purchased, if the vendor desires to resell the goods for the purchaser's account he is entitled to exercise some discretion in selecting the place therefor, having regard for the character of the goods and the times, circumstances, and places that regulate and control their price; but under ordinary conditions, where the goods are at the place of delivery at the time the purchaser refuses to receive them, the vendor should resell them at that place.

2. SALES. *Evidence of market for refused goods at place of delivery admissible in suit for difference between contract and resale price.*
   In a suit wherein a vendor is seeking to recover from a purchaser the difference between the contract and resale price of goods

which the purchaser refused to receive and which were resold by the vendor at a place other than that of delivery, evidence offered by the purchaser of the existence of a market for such goods at the place of delivery is admissible for the purpose of showing that they could and should have been resold at that place.

*Headnote 1.   Sales, 35 Cyc, p. 524, p. 525;   2.   Sales, 35 Cyc, p. 526 (1925 Anno).

APPEAL from circuit court of Lauderdale county.
HON. C. C. MILLER, Judge.

Suit by the Cincinnati Bargain House against J. Lischkoff, Inc.  From a judgment for plaintiff, defendant appeals.  Reversed and remanded.

*J. H. Currie,* for appellant.

The evidence offered by the defendant and excluded by the court, tended to prove that at the time the goods were returned from Meridian to Cincinnati there was a market for the goods in the city of Meridian, and that the goods could have been sold at that time in Meridian, without loss either to the Cincinnati Bargain House or J. Lischkoff Company.  The court will further notice from the record that there was no notice given J. Lischkoff Company by the Cincinnati Bargain House as to resale of the goods at Cincinnati.

Surely under any view of the rule as to the ascertaining of damages in a case of this kind where a resale had been made without notice to the defendant, the evidence offered by the defendant as to the market price should have been admitted, so that the jury might have had the advantage of that evidence in deciding the question as to whether or not the amount realized by the seller on a resale of the goods was fair.

It was the duty of the seller, after breach by the buyer, to minimize its damage as much as possible, and if the goods could have been sold at Meridian, Mississippi,

where they then were, without loss to any one, it was certainly the duty of the seller so to do. Competent testimony had been offered to prove that this could have been done, which had been erroneously excluded by the court.

If this is not the law, then the seller could just as easily have had the goods reshipped to some other point other than Cincinnati, placing an additional cost on the buyer, and sold at this other point at an amount even less than the market price in Cincinnati, disregarding entirely the fact that there was a market for the goods in Meridian. To hold that this is the law would be to violate in our opinion the fundamental rule that it is the duty of the seller as far as possible to minimize the damages after default by the buyer. Of course, it may be argued that Cincinnati was a better market than Meridian for a sale of the goods and that the testimony of Lischkoff was in error as to the market value of the goods here, but the fact remains that no witness denied there was a market in Meridian, and that no witness asserted that the market in Cincinnati was better than the market in Meridian.

The general rule, by which the damages are assessed in the case of nonacceptance of goods by the buyer, is the difference between the contract price and the market price at the time and place of delivery. In 3 Willison on Contracts, pages 2452 and 2453, this language is used: "The measure of damages is the difference between the contract price and the market price of goods at the time when and place where the contract should have been performed." See, also, 24 R. C. L. 24, page 116.

We understand that our court, in *American Cotton Company* v. *Herring*, 84 Miss. 693, later followed in *Walker Bros. & Co.* v. *Daggett*, 115 Miss. 662, has announced the rule to be that after breach of contract by the buyer, the seller may complete the contract and recover the contract price; may treat the contract as ended, retain the property and sue for the difference between

the market value of the property and the contract price; may sell the property at public sale or private sale for the best price it can obtain and sue for the difference between the price realized and the contract price.

Any of these three methods, can be elected by the seller, and whichever method elected, if followed out by the seller as required by law, determines the amount of loss sustained, as a result of the breach of contract by the buyer. The third method was elected by the Cincinnati Bargain House; that is, to resell the property at private sale and sue for the difference between the price realized and the contract price.

If there had been no market at Meridian, or if the market at Meridian had not been as good as that at Cincinnati, taking into consideration the added cost back to Cincinnati, then we would agree under the rule in the Herring case that the seller would have the right to retransport the goods back to Cincinnati and there sell for the best price obtainable, or if there were a better market at some other point, he could in all probability send the goods to that market and sell them.

In either case, however, it seems to us notice of a resale should have been given the buyer, and that when the seller without investigation as to the market at the time and place of delivery had the goods returned to the point of origin for sale there, he incurred the risk of not being able to recover for the damages sustained, if as a matter of fact there had been a local market on which the goods could have been sold without loss to any one.

On the question as to where the sale of these goods should have been made and whether or not the damages are to be ascertained by the difference between the market value at the place of delivery and time of breach, and the contract price, we submit for the consideration of the court the following authorities: *Chapman* v. *Ingramm*, 30 Wis. 290; *Georgia Cotton Oil Co.* v. *Carlisle Seed Company*, 75 So. 984; *McAnelly Hardware Co.* v.

*Bemis Bag Company,* 94 So. 569; *Fayette Kanawha Coal Co.* v. *Lake & E. Coal Corporation,* 23 A. L. R. 572.

The third proposition involved in this case, as we view it, is whether the difference between the amount realized by the seller on a sale made at point of origin, after the goods had been transported from point of destination to point of origin, without any notice being given to the buyer of resale, is conclusive as to the damages sustained by the seller.

We submit under any theory as to the rule for ascertaining damages that in a case of this kind where the seller makes a resale without notice to the buyer of his intention to resell, then the evidence by the buyer as to the market value of the goods at the time of the breach and sale is admissible for the purpose of showing that the amount realized on a resale was not the best price obtainable. *McDonald Cotton Company* v. *Mayo,* 38 So. 373.

*S. M. Graham,* for appellee.

The precise point here involved is: does a seller of personal property when acceptance is refused by the purchaser have a right to resell the goods anywhere except the point of delivery?

We submit that the seller has a right to resell at the point of delivery but he is by no means limited to the point of delivery, in making resale, but can sell at the point of shipment or at some other point if he, in good faith, thinks a better sale can be made at some other point. In other words the seller can use discretion in making a resale as to the time or place, provided he acts in good faith and with reasonable diligence. Good faith and reasonable diligence being the only thing absolutely necessary on the part of the seller in any resale under such circumstances, and whether the seller exercises good faith and reasonable diligence in making the resale, is a

question of fact for the jury and not the court to pass upon.

If the reseller has a right to resell the goods at Cincinnati, then the only testimony material to the issue, will be the market at Cincinnati, and the circumstances surrounding the sale at Cincinnati, and consequently the court was correct in excluding testimony as to the market at Meridian, Mississippi, and we submit that appellee would be very foolish to have tried to resell the goods in Meridian, where they had no agency and would have incurred the expense of sending a man from Cincinnati to Meridian to make the re-sale, as the expense would have been more than the freight on the return of the goods, and especially would it have been unwise for appellee to have made the sale in Meridian when appellant had written that the weather was warm at Meridian and that business was dull at Meridian.

The point here involved as to the proper place for a resale arose in *White Walnut Coal Company* v. *Crescent Coal & Mining Company,* 254 Ill. 368; 35 Cyc. 524; Mechem, on Sales, par. 1638. See, too, *N. Ga. Mill Company* v. *Henderson Elevator,* 130 Ga. 113; and *Weaples* v. *Overacre,* 77 Tex. 7.

The case of *Sawyer* v. *Beens,* 114 N. Y. 469, holds that the vendor may re-ship and sell at the place of contract, and this contract was made in Cincinnati. The case of *Lewis* v. *Greider,* 51 N. Y. 231, holds that a resale at a large city some distance away is proper, although neither the place of sale or delivery, and we submit that there is no better market for this class of goods than Cincinnati.

The following cases lay down the rule that the manner and place of sale is in the discretion of the vendor when exercised with reasonable diligence in good faith. 129 Fed. 538, 64 C. C. A. 68; *Guthrie* v. *Thompson,* 214 Pac. 716.

The following authorities lay down a rule that as to whether the vendor exercises good faith and due diligence, is a question for the jury; *Gaines Brothers* v. *Citi-*

*zens Bank,* 112 Okla. 204. *Cullen* v. *Binn,* 37 Ohio St. 236, holds that when the purchaser refuses to accept the goods, the seller can resell for the account of purchaser, and hold the purchaser for the loss, if any, and this was an Ohio contract.

The only effect in law of giving notice of such sale is to absolutely preclude the vendee from making any objection to the sale, which rule seems to be universal, and there was no disposition to preclude the appellant in this case from showing that the sale at Cincinnati was not made in good faith, and was not made at the best price obtainable, at the market, or was not made in a reasonable time, but appellant did not offer any proof on this issue, but left the proof undisputed, that sale was made at the best price obtainable and on the prevailing market, within a reasonable time. The only objection was made to the appellant's effort to show what the conditions were at Meridian, which was immaterial, as the law authorizes this sale to be made in Cincinnati, and the proof was then limited to the circumstances surrounding the seller at Cincinnati, and any proof appellant might have offered touching the market or the manner of the sale at Cincinnati would not have been objected to, and would not have been sustained by the court if objection had been made.

The authorities so holding are: *West* v. *Cunningham,* 9 Port (Ala.) 104; *Holland* v. *Rea,* 48 Mich. 218; *Van Brocklen* v. *Smeallie,* 140 Ky. 70; *Clore* v. *Robinson,* 100 Ky. 402. The last case holds that notice of resale is not indispensible, and is hardly material or necessary where the vendor makes due effort to sell at the best price obtainable and does in fact sell at the best price he can, by reasonable effort obtain; also *London* v. *Eldred,* 49 Wis. 305.

SMITH, C. J., delivered the opinion of the court.

The appellee, a corporation engaged in the wholesale mercantile business in Cincinnati, Ohio, sold to the ap-

pellant, a corporation engaged in the retail mercantile business in Meridian, Miss., a bill of goods for which the appellant agreed to pay the sum of five hundred and ninety-one dollars and forty cents. The appellant gave to the appellee its check for fifty dollars on a bank in Meridian in part payment for the goods and agreed to pay the balance due thereon when the goods should be delivered to it at Meridian. The appellee shipped the goods to Meridian consigned to its own order with a notation on the bill of lading to notify the appellant, and attached the bill of lading to a check on the appellant for the balance due on the goods, and forwarded it to a Meridian bank for collection. The bank on which the fifty dollar check was drawn declined to pay it, and it was returned to the appellee. The appellant also declined to pay the check drawn on it for the balance due on the goods and to take up the bill of lading. After vainly endeavoring to induce the appellant to comply with the contract, the appellee directed the carrier to return the goods to it at Cincinnati, where, shortly after they were received by the appellee, they were sold by it without notice to the appellant at the best price obtainable therefor, which according to the evidence was the current market price at that place. This suit was then instituted by the appellee to recover the freight charges paid by it to the carrier for transporting the goods to and from Meridian, and for the difference between the contract price therefor and the amount for which the goods were resold by the appellee.

The appellee sought, but was not permitted by the court below, to prove that there was a market for goods of the character of these here in question at Meridian, and that the market value thereof at Meridian was greater than the price at which they were resold in Cincinnati by the appellee.

The appellant's complaint is that the goods were sold without notice to it of the appellee's intention so to do and at a place other than that of delivery.

It will not be necessary for us to determine whether the appellee should have given the appellant notice of its intention to resell the goods for the reason that the resale thereof, for aught that appears in the record, should have been made at Meridian. There is no hard and fast rule with respect to the place at which goods refused by a purchaser should be resold by the seller in the event he desires to do so. The seller is entitled to the exercise of some discretion in selecting the place, having regard "for the character of the goods and the times, circumstances and places that regulate and control their price." 2 Mechem on Sales, section 1638; *Bonds* v. *Lipton Co.,* 85 Miss. 209, 37 So. 805.

"Under ordinary conditions, however, where the goods are at the place of delivery at the time the purchaser refuses to receive them, the vendor is entitled to and should resell them on the former's account at that place."

See note to *White Walnut Coal Co.* v. *Crescent Coal & M. Co.,* 42 L. R. A. (N. S.) 685, 686, and authorities there cited.

The evidence not only fails to disclose any reason for the resale of the goods at a place other than Meridian, but the evidence offered by the appellant as to the market therefor at Meridian, which the court below erroneously excluded, would, if true, have negatived any reason for reselling the goods elsewhere.

*Reversed and remanded.*